IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED CORROSION CONTROL, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | | Civil Action No. GLR-19-3525 |
| | * | |
| CARBOLINE COMPANY, | | |
| | * | |
| Defendant. | | |

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Carboline Company's ("Carboline") Motion for Summary Judgment (ECF No. 43). The Motion is ripe for disposition and no hearing is necessary. See Local Rule 105.6 (D.Md. 2021). For the reasons outlined below, the Court will grant the Motion.[1]

### I.   BACKGROUND

**A.   Factual Background**

The specific factual allegations underlying this dispute are largely irrelevant to the instant Motion. Broadly speaking, this action arises from a contractual dispute between Carboline and Plaintiff United Corrosion Control, LLC ("United Corrosion"). The dispute relates to a project known as the Stonewall Energy Project (the "Project"). (Compl. ¶ 9,

---

[1] Also pending before the Court is Carboline's Motion for Full and Final Summary Judgment (ECF No. 51), an additional motion that addresses separate grounds for summary judgment. Because the Court will grant Carboline's first Motion, it will deny Carboline's subsequent Motion without prejudice as moot. The Court will nevertheless grant Carboline's pending Unopposed Motion to Extend Page Limit (ECF No. 60) nunc pro tunc.

ECF No. 1). United Corrosion was a subcontractor on the Project responsible for applying industrial coatings and painting systems. (Id. ¶¶ 8, 9). Carboline manufactures and sells various coatings, and it selected, approved, and recommended the coatings United Corrosion used on the Project. (Id. ¶¶ 7, 11). United Corrosion alleges that despite properly applying the coatings, and in contradiction of Carboline's assurances, the coatings failed to meet the high-performance coating requirements of the Project. (Id. ¶¶ 11, 21).

The instant Motion relates to United Corrosion's status as a registered limited liability company ("LLC"). The relevant facts regarding this status are not in dispute. United Corrosion was an LLC formed in Maryland in December 2012, with Glen Burnie, Maryland, as its principal place of business. (Id. ¶ 3). United Corrosion's previous owner and chief executive officer, James Hecht, admitted in a deposition that United Corrosion forfeited its right to conduct business in Maryland on October 11, 2019, and that it has not since been reinstated. (Dep. J. Hecht ["Hecht Dep."] at 28:20–29:10, ECF No. 43-3). This is confirmed by records of the State of Maryland Department of Assessments and Taxation ("SDAT") reflecting that "THE LIMITED LIABILITY COMPANY WAS FORFEITED BY THIS DEPARTMENT ON OCTOBER 11, 2019." (SDAT Rs. at 1, ECF No. 43-2).

**B.     Procedural History**

United Corrosion filed this lawsuit against Carboline on December 11, 2019. (ECF No. 1). United Corrosion's four-count Complaint alleges: breach of contract for sale of goods (Count One); breach of implied warranty of merchantability (Count Two); breach of implied warranty of fitness for a particular purpose (Count Three); and breach of contractual warranty (Count Four). (Compl. ¶¶ 34–55). United Corrosion seeks

2

compensatory damages, attorneys' fees, and costs. (Id. at 8). Carboline filed its Answer on February 26, 2020. (ECF No. 15).

On May 24, 2021, Carboline filed the instant Motion for Summary Judgment (ECF No. 43). On June 7, 2021, United Corrosion filed an Opposition (ECF No. 44), and on June 16, 2021, Carboline filed a Reply (ECF No. 45). On November 15, 2021, Carboline filed an additional motion for summary judgment, this one captioned a Motion for Full and Final Summary Judgment (ECF No. 51). On December 10, 2021, United Corrosion filed an Opposition to the second Motion (ECF No. 57), and on February 7, 2022, Carboline filed a Reply (ECF No. 61). Carboline's Reply was accompanied by an Unopposed Motion to Extend Page Limit (ECF No. 60), which the Court will grant nunc pro tunc.

## II. DISCUSSION

### A. Standard of Review

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A). Significantly, a party must be able to present the

materials it cites in "a form that would be admissible in evidence," Fed.R.Civ.P. 56(c)(2), and supporting affidavits and declarations "must be made on personal knowledge" and "set out facts that would be admissible in evidence," Fed.R.Civ.P. 56(c)(4).

Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing there is genuine dispute of material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). The nonmovant cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).

A "material fact" is one that might affect the outcome of a party's case. Anderson, 477 U.S. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Id. If the nonmovant has failed to make a sufficient showing on an essential element of her case where she has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986) (quoting Anderson, 477 U.S. at 247).

4

**B.     Analysis**

Carboline argues that the Court should enter summary judgment in its favor because when United Corrosion forfeited its LLC status, it also forfeited its ability to file and maintain this lawsuit. In support of this argument, Carboline cites § 4A-911 of the Maryland Code, Corporations and Associations Article ("CA"), which states that each year:

> (c) . . . the Department shall certify a list of every Maryland limited liability company that has not filed an annual report with the Department for the prior year as required by law or has not paid a tax before October 1 of the year after the report was required to be filed or the taxes were due. . . .
> (d) After the lists are certified, the Department shall issue a proclamation declaring that, subject to § 4A-920 of this subtitle, the right to do business in Maryland and the right to the use of the name for each limited liability company is forfeited as of the date of the proclamation, without proceedings of any kind either at law or in equity.

CA § 4A-911(c)–(d) (the "Forfeiture Clause"). Section 4A-920 states, in turn:

> The forfeiture of the right to do business in Maryland and the right to the use of the name of the limited liability company under this title does not impair the validity of a contract or act of the limited liability company entered into or done either before or after the forfeiture, or prevent the limited liability company from defending any action, suit, or proceeding in a court of this State.

Id. § 4A-920 (the "Savings Clause"). As set forth above, United Corrosion forfeited its LLC status effective October 11, 2019. Thus, Carboline argues, at the time United Corrosion filed this lawsuit two months later, it had forfeited its right to do business in Maryland, and thereby forfeited its right to initiate this action. At bottom, the Court agrees with Carboline and will enter judgment in its favor.

5

The Maryland Court of Special Appeals had occasion to interpret the scope of the Savings Clause in 2010. See Price v. Upper Chesapeake Health Ventures, 995 A.2d 1054 (Md.Ct.Spec.App. 2010). The court in Price considered whether a state trial court had properly dismissed a lawsuit filed by a Maryland LLC whose rights to do business in Maryland and to use its name were forfeited under CA § 4A-911. The court found:

> [W]ith respect to court proceedings, the statute expressly provides that a forfeited LLC may only defend an action in court. The negative implication of such language, and the sweep of the "doing business" and name "using" prohibition is that the company may not file or maintain a lawsuit after its rights have been forfeited. As a savings clause or proviso, such statutory language is usually strictly construed.

Id. at 1061 (footnote omitted). In a footnote, the court then cited a decision by the United States Court of Appeals for the Fifth Circuit for the proposition that "'doing business' include[s] the power to sue and be sued." Id. at 1061 n.12 (citing Stone v. Interstate Nat. Gas Co., 103 F.2d 544, 548 (5th Cir. 1939), aff'd, 308 U.S. 522 (1939)). Thus, it would appear from Price that by forfeiting its LLC status, United Corrosion lost its ability to file this lawsuit.

A more recent decision by the Maryland Court of Special Appeals creates some ambiguity. See Willow Grove Citizens Ass'n v. Cnty. Council of Prince George's Cnty., 175 A.3d 852 (Md.Ct.Spec.App. 2017). In Willow Grove, the court considered whether a forfeited LLC was permitted to apply for a special exception to a zoning ordinance with the Prince George's County Office of Zoning. Id. at 854. Distinguishing Price, the court found that because the LLC "did not file its application in a Maryland court, the implicit prohibition against bringing lawsuits in § 4A-920 is irrelevant." Id. at 857 (emphasis

6

added). Thus, the Court of Special Appeals found that the forfeited LLC was empowered to file its application under "the first part of § 4A-920, which broadly affirms the validity of 'a contract or act of the limited liability company entered into or done either before or after the forfeiture.'" Id. (quoting CA § 4A-920).

Further complicating matters is an even more recent decision by the Maryland Court of Appeals. See 7222 Ambassador Rd., LLC v. Nat'l Ctr. on Insts. & Alts., Inc., 233 A.3d 124 (Md. 2020). In 7222 Ambassador, the Court of Appeals considered whether an LLC that forfeited its status during an ongoing lawsuit lost its right to appeal an adverse decision in that lawsuit by dint of that forfeiture. Id. at 126. The court noted that "forfeiture of the right to do business does not render an LLC a complete non-entity," referencing a forfeited LLC's ongoing ability to defend against an action in the Maryland courts. Id. at 130. The LLC in 7222 Ambassador argued that the same language on which Court of Special Appeals in Willow Grove based its decision—i.e., the "first part" of § 4A-920, apparently preserving the ability of an LLC to "do[]" any "act . . . either before or after the forfeiture"—preserved its ability to file an appeal. Id. at 131; CA § 4A-920. But the Court of Appeals cautioned that such a broad interpretation of the Savings Clause "would nearly negate the forfeiture provision altogether," because "virtually anything that an LLC does could be classified as an 'act.'" 7222 Ambassador, 233 A.3d at 131. The Court of Appeals added that "[i]n [its] view, the savings provision does not exist simply to give back what the forfeiture provision takes away." Id. The court emphasized that the savings provision was designed to "uphold[] the validity of the LLC's contractual obligations and allow[] it to defend litigation initiated by others," so that an "an LLC cannot avoid fulfilling its

7

contracts or deprive someone else of a judicial remedy against the LLC simply by succumbing to forfeiture." Id. at 131 (emphasis added). The court thus found that the LLC had forfeited its right to appeal. Id. at 134–35.

Finally, the Court notes that it has on one previous occasion had cause to interpret the scope of § 4A-920. In Peide Yan v. Zhengang Zhang, No. PWG-17-742, 2018 WL 1316242 (D.Md. Mar. 14, 2018), this Court considered whether a forfeited Maryland LLC was prohibited from submitting an involuntary petition in the United States Bankruptcy Court for the District of Maryland. Id. at *1–2. The Court first highlighted Rule 17 of the Federal Rules of Civil Procedure, which "provides that an LLC that lacks the capacity to sue under 'the law of the state where the court is located' nonetheless 'may sue . . . in its common name to enforce a substantive right existing under the United States Constitution or laws.'" Id. at *3 (quoting Fed.R.Civ.P. 17(b)(3)(A)). Thus, inasmuch as the bankruptcy laws are federal laws, a Maryland LLC may be empowered to prosecute its rights under those laws in federal court irrespective of its capacity to sue or be sued in state court. Further, the Court noted that "an involuntary petition in bankruptcy court is 'not in any sense the commencement of a civil action in a United States District Court sitting either at law or in equity.'" Id. at *5 (quoting Assoc. Elec. Supply Co. of Omaha v. C. B. S. Elec. Sales Corp., 288 F.2d 683, 684 (8th Cir. 1961)).

The Court then turned to an analysis of the Forfeiture and Savings Clauses. In essence, the Court adopted the reasoning of the Court of Special Appeals in Willow Grove. The Court first noted that the Savings Clause's reference to a "court of this State" meant a Maryland state court. Id. at *5 (citing Proctor v. Wash. Metro. Area Transit Auth., 990

8

A.2d 1048, 1067 (Md. 2010)). The Court thus concluded that the Price holding did not extend to prohibiting actions filed in federal court because the Court of Special Appeals' subsequent decision in Willow Grove had constrained Price to only prohibit actions filed in Maryland courts. Id. at *4–5. Relying on the broad language found in the first part of the Savings Clause, the Court determined that the Forfeiture Clause did not prohibit the LLC from filing an involuntary petition in federal bankruptcy court.

As an initial matter, the Court finds that this case is readily distinguishable from Peide Yan and Willow Grove, cases in which courts found that the Savings Clause had preserved the forfeited LLC's ability to proceed. As set forth above, Peide Yan involved an involuntary petition in a bankruptcy proceeding, meaning that (a) the forfeited LLC in that case did not voluntarily initiate the action, and (b) the action was governed by federal, not state law. Peide Yan, 2018 WL 1316242, at *1–2. This meaningfully distinguishes Peide Yan from the facts at bar. As to Willow Grove, the forfeited LLC did not initiate a judicial action at all, but rather filed a petition with an administrative agency. Further, the Court of Special Appeals noted that it was "undisputed that Presidential was an LLC when it applied for a special exception." Willow Grove, 175 A.3d at 857. While certain language in Willow Grove can be read to narrow the Court of Special Appeals' Price decision to only prohibiting forfeited LLCs from initiating lawsuits in state court, Willow Grove does not speak to the ability of a forfeited Maryland LLC to file a lawsuit in federal court—particularly to the extent the federal court is sitting in diversity. It does not appear that any court has addressed such an action.

On that same note, the Court finds that this action's basis in diversity jurisdiction creates even stronger grounds for its dismissal. Under Price, United Corrosion would not have been permitted to pursue this claim against a non-diverse defendant in state court. Price, 995 A.2d at 1061. In this Court's view, the fact that Carboline is not a citizen of Maryland should not act to confer rights on United Corrosion that it otherwise forfeited. Moreover, nothing in the legislative history of Maryland's Limited Liability Company Act suggests that the legislature intended to advantage Maryland citizens in that way. See 1992 Md. Laws, ch. 536 (codified at CA § 4A-101 et seq.). Particularly in light of the Maryland Court of Special Appeals' admonition that the Savings Clause be "strictly construed," see Price, 995 A.2d at 1061, the Court is loathe to expand its breadth in the manner requested by United Corrosion.

The Court is also persuaded by the Maryland Court of Appeals' warning in 7222 Ambassador that "the savings provision does not exist simply to give back what the forfeiture provision takes away." 7222 Ambassador, 233 A.3d at 131. The interpretation of the Savings Clause that the decisions in Peide Yan and Willow Grove appear to endorse—which, as set forth above, would appear to preserve a forfeited LLC's ability to "do[]" any "act . . . either before or after the forfeiture"—would represent an exception that swallowed the rule, and would, as the Court of Appeals warned, "nearly negate the forfeiture provision altogether." Id. The Court declines to read the Savings Clause in a way that produces such an absurd result. See Stone v. Instrumentation Lab'y Co., 591 F.3d 239, 243 (4th Cir. 2009) ("Courts will not, however, adopt a 'literal' construction of a statute if such interpretation would thwart the statute's obvious purpose or lead to an 'absurd result.'"

10

(quoting Chesapeake Ranch Water Co. v. Bd. of Comm'rs of Calvert Cnty., 401 F.3d 274, 280 (4th Cir. 2005))). Further, in the Court's view, such an interpretation does not comport with the intent of the legislature, as set forth in 7222 Ambassador. See 7222 Ambassador, 233 A.3d at 131–32 (explaining that the legislature intended the forfeiture provisions in the LLC Act to be "similar" to the provisions in the Maryland General Corporation Law, except that the legislature "noted that the penalty for an LLC was not as severe as for a corporation, as the charter of a corporation would be revoked while an LLC would lose the right to do business"). Adopting the broad view of the Savings Clause suggested by Peide Yan and Willow Grove would render the forfeiture provisions in the LLC Act entirely dissimilar to those in the Maryland General Corporation Law.

Finally, the Court turns to the implications of the "negative implication" language in Price. As noted above, the Savings Clause preserves a forfeited LLC's ability to "defend[] any action, suit, or proceeding in a court of this State." CA § 4A-920. The court in Price found that "[t]he negative implication of such language, and the sweep of the 'doing business' and name 'using' prohibition is that the company may not file or maintain a lawsuit after its rights have been forfeited." Price, 995 A.2d at 1061. Peide Yan and Willow Grove suggest that because the preserving language in the Savings Clause is limited to Maryland state courts—a conclusion unchallenged by this Opinion—then so too must the "negative implication" articulated in Price be limited to state courts. See Willow Grove, 175 A.3d at 857; Peide Yan, 2018 WL 1316242, at *4–5. The Court disagrees with this view. To be sure, nothing in Price suggests that the Court of Special Appeals intended to so constrain its decision. The language in Price is plain and states that a forfeited LLC

11

may not file or maintain "a lawsuit." Price, 995 A.2d at 1061 (emphasis added). And although certain language in Willow Grove can be read to contradict this plain holding, the holding in Willow Grove—that a forfeited LLC may initiate and maintain a non-judicial administrative proceeding—does not disturb the court's holding in Price.

For these reasons, the Court finds that when United Corrosion forfeited its status as a Maryland LLC under CA § 4A-911, it forfeited its ability to file or maintain this diversity action in this Court. Accordingly, the Court will grant Carboline's Motion and enter summary judgment in its favor.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Carboline's Motion for Summary Judgment (ECF No. 43). A separate Order follows.

Entered this 23rd day of March, 2022.

/s/
George L. Russell, III
United States District Judge